BENJAMIN J. ROESCH (ASBA No. 0605025)
benjamin.roesch@jmblawyers.com
**JENSEN MORSE BAKER, PLLC**
1809 Seventh Avenue, Suite 410
Seattle, WA 98101
Telephone: (206) 467-1452
Attorneys for Plaintiff AIG
Specialty Insurance Company

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| AIG SPECIALTY INSURANCE COMPANY<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>XL SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | Case No. _____<br><br>COMPLAINT |

Plaintiff AIG Specialty Insurance Company ("ASIC") for its complaint against defendant XL Specialty Insurance Company ("XL") alleges as follows:

## I.  INTRODUCTION

1.  This insurance contribution and subrogation action arises from a sudden and accidental release of diesel from a mobile generator owned and operated by American President Lines, LLC ("APL") onto the land and into the water in Kodiak, Alaska (the "Incident").

2.  ASIC and XL each issued an insurance policy that provides coverage to APL for certain pollution events.

3.  ASIC agreed to provide insurance coverage to APL for the Incident, subject

PAGE 1 – COMPLAINT

to a reservation of rights. ASIC is defending APL from claims asserted by the Alaska Department of Environmental Conservation ("ADEC") and the U.S. Department of the Interior ("DOI") regarding the Incident.

4. XL incorrectly denied APL's tender of the Incident.

5. Under the terms of ASIC's and XL's respective policies, the ASIC policy is excess over the XL policy with respect to the Incident.

6. As a result of XL's incorrect and wrongful denial of coverage, ASIC has incurred and will incur defense and/or indemnity costs that are properly borne by XL, and for which ASIC is entitled to reimbursement from XL under the doctrines of contribution and subrogation.

## II. PARTIES

7. Plaintiff AIG Specialty Insurance Company is an Illinois company with its principal place of business in New York, New York.

8. Defendant XL Specialty Insurance Company is a Delaware company with its principal place of business in Stamford, Connecticut.

## III. JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1332(a). Complete diversity exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL BACKGROUND

**A. The Incident**

11. On March 16, 2019, a diesel fuel tank feeding a genset used by APL released between 700 and 1,000 gallons of diesel fuel at a site located at 1207 Anton Larson Road in Kodiak, Alaska.

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

12. APL alerted the appropriate governmental authorities in a timely fashion and immediately commenced efforts to contain and clean up the spilled diesel.

13. APL, through its insurance broker, notified ASIC and XL of the Incident.

14. On March 18, 2019, ADEC sent a letter (the "ADEC Letter") to APL's counsel noting the Incident and that the release of diesel fuel appeared to violate AS 46.03, identifying APL as a "responsible party," demanding that APL take appropriate action to mitigate the release, and stating that APL would be liable for the State's costs associated with the Incident. A copy of the ADEC Letter is attached hereto as Exhibit 1.

15. On March 26, 2019, DOI sent a letter (the "Interior Letter") to APL's counsel noting the Incident, identifying APL as a "responsible party," informing APL that state and federal natural resource trustees had begun the process of assessing damages under the Oil Pollution Act Natural Damage Assessment regulations, and inviting APL to participate in the process by which liability would be imposed upon it. A copy of the Interior Letter is attached hereto as Exhibit 2.

**B.  The ASIC Policy**

16. ASIC issued Pollution Legal Liability Select Policy number PLS 19108243 (the "ASIC Policy") to CMA CGM (America) LLC for the policy period February 1, 2018 to February 1, 2021. APL was added to the ASIC Policy as a named insured by endorsement. A copy of the ASIC Policy is attached hereto as Exhibit 3.

17. By letter of April 19, 2019, ASIC agreed to provide coverage to APL for the Incident pursuant to a reservation of rights. A copy of that letter is attached hereto as Exhibit 4.

**C.  The XL Policy**

18. XL issued Policy No. UM00057335MA19A (the "XL Policy") to APL for the policy period January 1, 2019 to January 1, 2010. A copy of the XL Policy is attached

PAGE 3 – COMPLAINT

hereto as Exhibit 5.

19. The XL Policy includes various coverage parts. The coverage part relevant to the Incident is the Marine General Liability coverage part ("MGL"). The MGL coverage part's insuring agreement provides in relevant part:

> The Company will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" that takes place during the policy period in the "coverage territory" and is caused by an "occurrence" to which this insurance applies. The Company will have the right and duty to defend the insured against any "claim" or "suit" seeking those damages.

20. The MGL coverage part defines "claim" as "a demand that seeks damages for 'bodily injury', 'property damage', or 'personal and advertising injury' to which this insurance applies."

21. The ADEC Letter is a "claim" under the XL Policy's MGL coverage part.

22. The Interior Letter is a "claim" under the XL Policy's MGL coverage part.

23. The MGL coverage part includes a "pollution exclusion," which is amended by a "Pollution Exclusion Buyback Endorsement" that restores coverage for property damage caused by the release of pollution under certain circumstances, including the circumstances of the Incident.

**D.  XL's Shifting and Misleading Denials of Coverage**

24. After the Incident, XL repeatedly denied that it owed a duty to defend or indemnify APL with respect to the Incident.

25. On April 11, 2019, XL denied coverage in two emails to APL's insurance broker. Copies of those emails are attached hereto as Exhibits 6 and 7.

26. XL's first April 11, 2019 email denied coverage for four reasons, none of which was justified.

   a.  XL denied coverage because "The MGL policy is for bodily injury

PAGE 4 – COMPLAINT

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Case 3:20-cv-00034-HRH   Document 1   Filed 02/19/20   Page 4 of 9

and/or property damage and this is a pollution matter." However, the contamination of the Buskin River, its tributary, and the Bay with diesel fuel constitutes physical damage to tangible property, and therefore property damage under the XL Policy.

    b.    XL denied coverage because the Pollution Buyback Endorsement "excludes the removal of, loss of or damage to subsurface oil, gas or any other substance." However, the Incident did not involve subsurface oil, gas, or other substances.

    c.    XL denied coverage because it stated that the Pollution Buyback Endorsement "excludes … cleanup costs." However, this is contrary to the clear and unequivocal language of the Pollution Buyback Endorsement.

    d.    XL denied coverage because it contended that the XL Policy's other insurance clause made it excess over the ASIC Policy. However, XL quoted an other insurance clause contained in an inapplicable coverage part of the XL Policy. The other insurance clause in the applicable MGL coverage part makes the XL Policy primary, not excess, with respect to the Incident.

27. XL's second April 11, 2019 email explained that "[a]n 'occurrence' would need to take place for the MGL policy to be triggered and there was no 'occurrence' that happened. For example, a forklift did not hit the unit and cause the leak." However, XL subsequently acknowledged that the Incident was caused by an "occurrence" under the XL Policy.

28. On May 29, 2019 XL issued another letter denying coverage. A copy of that letter is attached hereto as Exhibit 8.

PAGE 5 – COMPLAINT

29. XL's May 29, 2019 letter did not assert any of the bases for denying coverage upon which it relied in its April 11, 2019 email. XL therefore implicitly acknowledged that those bases for denying coverage were incorrect. However, XL pivoted to a different condition in the MGL section's Pollution Coverage Buyback Endorsement, upon which it had not previously relied.

30. XL took the position that APL could not satisfy Condition (1) of the Pollution Coverage Buyback Endorsement. Specifically, XL stated that:

> APL cannot satisfy condition (1), which requires that the diesel spill was neither expected nor intended by APL, defined to mean that the discharge must be "caused by some intervening event neither foreseeable nor intended by [APL]." The information available to use indicates that the diesel spill was foreseeable to APL.

31. Nothing in either the ADEC Letter or the Interior Letter suggests, much less explicitly alleges, that the Incident was anything other than an accident, and unforeseeable by APL.

32. Rather than determining its duty to defend based on the contents of the relevant claims against APL asserted in the ADEC Letter and the Interior Letter, XL looked to extrinsic evidence to deny a defense to APL. XL's May 29, 2019 letter explains that XL looked at "two emails from Zach Berne, an Alaska lawyer apparently hired by APL to investigate the cause of the spill, and a report issued [after the Incident] by Jed Smith."

33. On July 17, 2019, counsel for ASIC sent XL a letter explaining that XL's denial was incorrect and contrary to Alaska law. A copy of that letter is attached hereto as Exhibit 9.

34. XL declined to change its coverage position and continues to deny any duty to defend or indemnify APL.

35. The "other insurance" clause found in the MGL coverage part of the XL Policy provides in relevant part that:

PAGE 6 – COMPLAINT

> The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this policy shall not be reduced by the existence of such other insurance.

36. The "other insurance" clause found in the ASIC Policy provides in relevant part that:

> **M. Other Insurance -** Where other insurance may be available for **Loss** covered under this Policy, the **Insured** shall promptly upon request of the Company provide the Company with copies of all such policies. If other valid and collectible insurance is available to the **Insured** for **Loss** covered by this Policy, the Company's obligations are limited as follows:
>
> 1. This insurance shall apply as excess insurance over any other valid insurance, whether collectable or not, be it primary or excess. This excess insurance shall in no way be increased or expanded as a result of the receivership, insolvency or inability to pay of any insurer with respect to both the duty to indemnify and the duty to defend.
>
> 2. Where this insurance is excess insurance, the Company will pay only its share of the amount of **Loss**, if any, that exceeds the total amount of all such other valid insurance.

37. When read together, these other insurance provisions indicate that the XL Policy is primary and the ASIC Policy is excess with respect to the Incident.

## V. FIRST CAUSE OF ACTION (Contribution)

38. ASIC incorporates each and every allegation contained within ¶¶ 1 through 37 of its Complaint as if fully set forth herein.

39. Both the ASIC Policy and the XL Policy give rise to a duty to defend and indemnify APL with respect to the Incident.

40. ASIC properly agreed to provide coverage to APL for the Incident subject to

PAGE 7 – COMPLAINT

a reservation of rights, while XL improperly denied coverage.

41. The policies' respective other insurance clauses confirm that the XL Policy is primary and the ASIC Policy is excess with respect to the Incident.

42. ASIC is entitled to reimbursement from XL for all payments that have been made and/or will be made by ASIC with respect to the Incident.

## VI. SECOND CAUSE OF ACTION (Subrogation)

43. ASIC incorporates each and every allegation contained within ¶¶ 1 through 42 of its Complaint as if fully set forth herein.

44. The ASIC Policy provides that:

> In the event of any payment under this Policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any third party and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights including without limitation, assignment of the Insured's rights against any person or organization who caused the Pollution Condition on account of which the Company made any payment under this Policy.

45. ASIC has paid Loss under the ASIC Policy, and is therefore subrogated to APL's rights to recover those funds from XL.

46. The XL Policy covers the costs paid by ASIC, and is primary to the ASIC Policy.

47. XL is therefore obligated to reimburse ASIC for amounts that ASIC has paid and/or will pay with respect to the Incident.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff AIG Specialty Insurance Company prays for judgment against Defendant XL Specialty Insurance Company as follows:

1. For an award of damages in such amount as shall be proven;
2. For an award of pre-and-post-judgment interest;
3. For an award of attorney's fees and costs; and

PAGE 8 – COMPLAINT

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Case 3:20-cv-00034-HRH   Document 1   Filed 02/19/20   Page 8 of 9

4. Any other relief the Court deems just.

DATED: February 18, 2020

                              JENSEN MORSE BAKER PLLC

                              By: */s Benjamin J. Roesch*
                                  Benjamin J. Roesch, ASBA No. 0605025
                              Attorneys for Plaintiff AIG Specialty Insurance Company

PAGE 9 – COMPLAINT

JENSEN MORSE BAKER PLLC
1809 S EVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Case 3:20-cv-00034-HRH   Document 1   Filed 02/19/20   Page 9 of 9